# Brunner v. American Telegraph & Telephone Co., Appellant.

*Negligence—Liability of employer for acts of employee—Evidence.*

Plaintiff's horse was frightened by the explosion of a dynamite cap by an employee of defendant company. The employee was not employed to handle caps, but for other purposes entirely distinct. There was some evidence from which it might be inferred that the employee who exploded the cap did so at the instance of the employee who had charge of the caps, and as a test for the benefit of the company. *Held,* that the evidence was sufficient to submit to the jury on the question of defendant's negligence.

Argued March 1, 1894.   Appeal, No. 89, Jan. T., 1894, by defendant, from judgment of C. P. Berks Co., Dec. T., 1889, No. 15, on verdict for plaintiff, Francis Brunner.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Affirmed.

Trespass for personal injuries.   [Cf. 151 Pa. 447.]

At the trial, before ENDLICH, J., it appeared that, on Sept. 16, 1889, plaintiff was injured by being thrown from his buggy in consequence of his horse taking fright at the explosion of a dynamite cap.   It appeared that, on the day of the accident, defendant company was constructing a long-distance telephone line along the highway where plaintiff was driving.   Two gangs of workmen were employed, one a "pole gang" whose duty it was to set up poles, and the other a "digging gang" who went ahead digging holes.   In excavating the holes it was necessary to blast the rock, and for this purpose John Livingston was employed, who used dynamite cartridges, and exploded them in the usual and ordinary way.   John Delany was employed in the "pole gang," and had nothing to do with the explosion of cartridges.   There was evidence to warrant the inference that Livingston, finding some of the caps wet, handed them to Delany to determine whether they would explode, and that Delany in testing them frightened plaintiff's horse and caused the injury.

After the first trial, plaintiff assigned the judgment, but his interest in the claim was reassigned to him on the second trial.

The court charged in part as follows:

" [In order to hold this company, gentlemen, you must find, first of all, that the men whose act caused this injury, or accident, were in the employ of this particular company, which is here sued. You will recollect that the name of the company, defendant, is given as the American Telegraph & Telephone Company. You will also remember that there was testimony to the effect that there was another company called the American Telephone & Telegraph Company, and that it was that company which constructed this telegraph line. The credibility of that testimony is for you, and it is for you to ascertain whether or not this particular company which was sued was the employer of these men. If it was not, then there is no liability upon it. If, on the other hand, you find that it was the company which is sued, then you will pass on to the next question.] [9] . . . .

" [There is some evidence tending to show that Livingston was by when the cap was exploded, was among those who had the cap and exploded it, and taking this together with the fact that Delany asked for the cap with a view to see whether it would explode, and the testimony that another cap had shortly before been exploded, it is claimed by the plaintiff that it may be inferred that Delany and Livingston were acting together in this matter and that Livingston permitted Delany to make the experiments, which, the plaintiff would have you believe, he had just been making to ascertain whether or not the caps would explode, and that Delany's act was, in fact, that of Livingston.] " [1]

Defendant's points were as follows:

" 1. There being no evidence in this case tending to prove that the cap was exploded by any employee of the defendant company within the line of his duty, there can be no recovery and the verdict must be for the defendant." Refused. [2]

" 2. It appearing from the uncontradicted evidence that John Delany exploded the cap which is alleged to have caused the accident, that the said John Delaney belonged to the pole gang whose duty it was to set up the poles previously dug by another gang, and that it was not within the scope of the authority or employment of the men employed in the pole gang to handle explosives or do blasting for the company, the explosion of a cap by the said John Delany, under the circumstances

detailed in the evidence, however negligent on his part, was not the negligence of the company defendant." Refused. [3]

" 4. The giving of the cap to Delany by Livingston, who was charged with the custody of the company's explosives, was not negligence." Refused. [4]

" 5. The giving of the cap to Delany by Livingston was too remote to be assigned as the cause of the accident; the rule is that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances might and ought to have been foreseen by the wrongdoer as likely to follow from his act." Refused. [5]

" 6. It appearing by the uncontradicted evidence of Crocker, the superintendent of construction, that the work of construction and employment of the men was done by the American Telephone and Telegraph Company and not by the American Telegraph and Telephone Company, the defendant, there can be no recovery against the defendant company. A corporation is not liable for the negligence of its independent contractor in the construction of its work." Refused. [6]

7. Request for binding instruction. Refused. [7]

" 8. It appearing by the admission of the plaintiff that he has assigned and transferred all his interest in his claim against the defendant company, he is not entitled to a recovery, and the verdict must be for the defendant." Refused. [8]

Verdict and judgment for plaintiff for $3,643.70.

*Errors assigned* were (1–9) instructions, quoting them.

*Richmond L. Jones*, for appellant.

*C. H. Ruhl, Daniel Ermentrout* with him, for appellee, cited: Brunner v. Am. T. & T. Co., 151 Pa. 447; Com. v. McDowell, 86 Pa. 377; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Fisher v. R. R., 131 Pa. 292; Reno v. Moss, 120 Pa. 49; Patterson v. Dushane, 115 Pa. 334; School Furniture Co. v. School District, 122 Pa. 501.

PER CURIAM, March 12, 1894:

This case depended on questions of fact which were for the exclusive consideration and determination of the jury. There

is no complaint as to the admission or rejection of evidence. The testimony was fairly submitted to the jury in a clear and impartial charge in which their attention was called to the facts which it was incumbent on the plaintiff to prove in order to entitle him to their verdict. The verdict that was rendered by the jury is necessarily predicated of their having found those facts substantially as claimed by plaintiff.

The first specification complains of a part of the charge recited therein. There is nothing in this excerpt that the testimony did not warrant the learned trial judge in saying. There was some evidence tending to prove that Livingston was present when the cap was exploded, etc.

The next seven specifications are to the refusal of the court to affirm defendant's points for charge therein recited. We are satisfied from an examination of the questions involved that there was no error in refusing to affirm either of said points.

There is no error, in that part of the charge covered by the ninth and last specification, of which the defendant has any just reason to complain. We find nothing in the record that would justify a reversal of the judgment.

Judgment affirmed.